**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| SHELL WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE DAVIDSON, TED MORRISON, and DAVIDSON DESIGN & DEVELOPMENT, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:26-cv-00487-MJH |

**<u>OPINION AND ORDER</u>**

Plaintiff, Shell Williams, proceeding *pro se*, commenced this proceeding against Defendants George Davidson and Ted Morrison by filing a motion to proceed *in forma pauperis* alongside a Motion to Vacate Arbitration Award pursuant to Section 10 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 10. On October 6, 2026, the Court granted George Davidson's Motion to add Davidson Design & Development, Inc. (Davidson Design) as a necessary party Defendant in this case. ECF No. 13. Plaintiff requests that the Court vacate a private arbitration award issued in favor of Davidson Design. The arbitration arose out of a contract dispute between Plaintiff and Davidson Design. Defendants George Davidson and Davidson Design subsequently filed a Response to Plaintiff's Motion asking the Court to dismiss Plaintiff's action on the merits with prejudice, or for lack of subject matter jurisdiction without prejudice.[1]

[1] George Davidson filed his Answer/Response to Plaintiff's Motion on August 12, 2026, before Davidson Design was added as a party Defendant. ECF No. 11. In his Response. George Davidson indicated that when Davidson Design is added as a party, it will join in George Davidson's Response. ECF No 11, at 2 n. 2. On November 13, 2026, Davidson Design filed its Joinder in George Davidson's Response. ECF No. 18.

Upon consideration of the parties' respective motions and briefs (ECF Nos. 1, 5, 7, 11, 12, and 15), and for the following reasons, Defendants' request to dismiss the action without prejudice will be granted.

**I. Background**

On September 6, 2019, Plaintiff and Davidson Design entered into a contract for the purpose of bringing a "book holder" invention of Plaintiff's to market. ECF No. 5-1.[2] Under the contract, Davidson Design was to "design, develop, and deliver" to Plaintiff "a working prototype" for Plaintiff's invention. ECF No. 7-2, at 3. Pursuant to the agreement, Davidson Design delivered a prototype to Plaintiff. ECF No. 5-3. Plaintiff then filed an arbitration claim pursuant to the parties' contract, alleging that the prototype did not conform to the parties' agreement. (*Id.* at 2–6). The arbitrator, having reviewed the documents submitted to him, signed and entered a final award denying Plaintiff's claims in their entirety on February 23, 2026. ECF No. 2, at 2.

On March 25, 2026, Plaintiff commenced this action seeking to have the private arbitration award vacated by the Court. ECF No. 1-1. On June 15, 2026, Defendant Davidson filed a Motion to Join Defendant Davidson Design as a party to this case. ECF No. 7. That Motion was granted by this Court. ECF No. 13. On July 17, 2026, George Davidson filed a Response to Plaintiff's Motion before Davidson Design was added as a party Defendant. ECF No. 11. In his Response, George Davidson indicated that when Davidson Design is added as a party, it will join in George Davidson's Response. ECF No 11, at 2 n. 2. On November 13, 2026, Davidson Design filed its Joinder in George Davidson's Response. ECF No. 18. Davidson and

---

[2] The contract is dated August 29, 2019; however, the document was not fully executed until September 6, 2019. ECF No. 7-3, at 16.

Davidson Design request that this Court dismiss the action on the merits with prejudice or for lack of subject matter jurisdiction without prejudice. ECF No. 11, at 1. On August 12, 2026, Plaintiff filed a Response Opposing Defendants' Response. ECF No. 12. On October 10, 2026, Plaintiff filed a Motion for Prompt Ruling, asking this Court to find Plaintiff's Motion to Vacate Arbitration Award fully briefed and submitted for decision. ECF No. 15, at 3. Because this Court lacks subject matter jurisdiction, the merits of the underlying contract dispute need not be addressed.

**II. Discussion**

Subject matter jurisdiction is the Court's authority to hear a case. The district courts of the United States are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court may only hear cases authorized by the Constitution and the statutes of Congress. *Id.* Congress has conferred on this Court two primary grants of original jurisdiction—diversity jurisdiction and federal question jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). This Court has diversity jurisdiction over all civil actions between citizens of different States "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). It has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a case does not meet the requirements of subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). This Court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh*, 546 U.S. at 514.

The Court lacks diversity jurisdiction over Plaintiff's suit. Although the parties are diverse, this case's amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). Plaintiff seeks treble damages for the $10,972 she paid Defendant Davidson Design and

a reimbursement of $1,700 to compensate Plaintiff for the arbitration proceeding's filing fees. ECF No. 12, at 6. Plaintiff seeks no other damages in this case. (*Id.*). As Plaintiff seeks only $34,616, the case's amount in controversy fails to exceed the statutory threshold of $75,000. 28 U.S.C. § 1332(a). The Court, therefore, lacks diversity jurisdiction over this case.

Turning to federal question jurisdiction, the FAA "does not create any independent federal-question jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). For that reason, a plaintiff seeking "to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "[N]ot only must federal jurisdiction exist aside from the Arbitration Act, but the independent basis must appear on the face of the complaint." *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 915 (3d Cir. 1994). For cases arising under Section 10 of the FAA, the motion to vacate the arbitration award is the complaint. *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 246 (3d Cir. 2016). Importantly, this Court may not "look-through" the motion to vacate and exercise jurisdiction based on the issues raised at arbitration. *Badgerow*, 596 U.S. at 12.

Plaintiff's Motion to Vacate does not identify any independent basis for jurisdiction on its face. Instead, Plaintiff asserts that her claim "arises from [a] contract" and arises "in part" because the arbitrator acted in manifest disregard of the American Inventors Protection Act ("AIPA"). ECF No. 1-1, at 2; ECF No. 12, at 2; *see* 35 U.S.C. § 297. Although Plaintiff's Motion references a federal statute on its face, that is insufficient to establish federal question jurisdiction. The AIPA appears in Plaintiff's Motion only because it governed the claims Plaintiff submitted to arbitration. Plaintiff's argument, therefore, asks this Court to look past the Motion

actually before it to the controversy the arbitrator resolved, and to exercise jurisdiction because that controversy involved federal law—precisely what *Badgerow* forbids. Plaintiff's request would locate "jurisdiction not in the action actually before the court, but in another controversy" resolved below. *Badgerow*, 596 U.S. at 12. Because Plaintiff's Motion does not identify any grant of federal question jurisdiction beyond the FAA, and because the FAA does not itself confer jurisdiction, Plaintiff's Motion presents no basis for federal question jurisdiction.

However, given Plaintiff's *pro se* status, and the Court's independent obligation to examine whether it has jurisdiction over the case, the Court will address two other arguments regarding federal question jurisdiction.

First, in Plaintiff's response brief, Plaintiff argues that "where a federal court has jurisdiction over federal claims that are referred to arbitration, the court may retain jurisdiction to review the resulting arbitration award." ECF No. 12, at 2 (capitalization altered). In support of this contention, Plaintiff cites *Jules v. Andre Balazs Props.*, 608 U.S. 200 (2026). Plaintiff misunderstands *Jules*'s holding. While the Supreme Court's holding in *Jules* applies to motions made under Sections 9 and 10 of the FAA that do not independently present a basis for federal jurisdiction on their face, it only applies when the district court in which the motion was filed previously stayed the case under Section 3 of the Act. *Jules*, 608 U.S. at 209. The holding does not apply to "freestanding" actions, like this one, commenced for the sole purpose of vacating an arbitral award. *Id.* The language Plaintiff uses in her response brief undermines her argument. This Court could not "retain" jurisdiction over the "resulting arbitration award" because it never had jurisdiction to begin with. ECF No. 12, at 2. The arbitration award did not "result" from any referral by this Court, because no action was ever stayed by it. (*Id.*). Plaintiff never filed an

action with this Court prior to her Motion under Section 10. As such, *Jules* provides no rationale for finding jurisdiction over Plaintiff's claim.

Second, this Court must examine whether it has jurisdiction over Plaintiff's claim on the grounds that Plaintiff's case raises a substantial federal issue. The United States Supreme Court has recognized a "special and small category of cases" where federal district courts have jurisdiction over state law claims. *Goldman*, 834 F.3d at 249 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Those cases require that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (quoting *Gunn*, 568 U.S. at 258).

It is not clear to this Court that Plaintiff's case necessarily raises a federal question.[3] However, assuming Plaintiff's case does raise such an issue, it does not raise a "substantial" federal issue. *Gunn*, 568 U.S. at 258. In *Goldman*, the Third Circuit explained that "manifest disregard" only supports federal question jurisdiction "where . . . the petitioner complains *principally* and in good faith that the award was rendered in manifest disregard of federal law . . . ." 834 F.3d at 256 (emphasis in original). Plaintiff's Motion does not meet that standard. By Plaintiff's own admission, this case "arises from [a] contract" and only arises "in part" under the AIPA. ECF No. 12, at 2. If this case arises principally under state contract law, it cannot be principally based on a violation of federal law. Furthermore, even if this Court found that a substantial federal issue was necessarily raised, the Third Circuit's precedent would caution the

[3] The Third Circuit has questioned, but never decided, whether manifest disregard of the law survived, as a ground for vacatur, the Supreme Court's decision in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) (holding that the grounds for vacating an award listed in Section 10(a) of the FAA are the "exclusive grounds for expedited vacatur and modification" under the Act). *Facta Health Inc. v. Pharmadent LLC*, No. 23-2224, 2024 WL 4345299 (3d Cir. Sept. 30, 2024). If manifest disregard is no longer a valid ground for vacatur, Plaintiff's case necessarily would not raise a federal issue, since this Court would not be required to determine whether federal law was violated.

Court against finding jurisdiction. The Third Circuit has explained that "[e]xpanding federal question jurisdiction to contractual disputes like this one runs the risk of 'disturbing [the] congressionally approved balance of federal and state judicial responsibilities.'" *Goldman*, 834 F.3d at 257 (quoting *Grable*, 545 U.S. at 314). For those reasons, the Court finds Plaintiff's argument that the arbitrator acted in manifest disregard of federal law insufficient to establish federal question jurisdiction.

## III. Conclusion

Accordingly, because Plaintiff's Motion to Vacate Arbitration Award does not establish a basis for this Court to exercise subject matter jurisdiction over this case, Defendants Davidson and Davidson Design's request to dismiss Plaintiff's action without prejudice will be granted, and Plaintiff will be granted leave to file an amended petition. As Plaintiff's action is being dismissed without prejudice, Plaintiff's Motion for Prompt Ruling, currently pending before the Court, will be denied as moot.

Accordingly, the following Order is entered.

## ORDER

And now, this [19th day of November 2026, it is hereby ORDERED as follows:

Defendants Davidson and Davidson Design's request to dismiss this action without prejudice, stated in their Response in Opposition to Plaintiff's Motion to Vacate Arbitration Award, is GRANTED. The same analysis applies equally to Defendant Ted Morrison.

This action is DISMISSED without prejudice for lack of subject-matter jurisdiction. Plaintiff is granted leave to file an amended petition by December 23, 2026 to properly invoke, if she can, this Court's subject-matter jurisdiction. If Plaintiff fails to file an amended petition by December 23, 2026, the Court will dismiss the action without further notice.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Shell Williams
8307 Manor
Detroit, MI 48204